IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TRAVIS LASHAUN WATSON,         )
                               )
          Petitioner,          )
                               )
     v.                        )     1:17CV1067
                               )
MARK CARVER,                   )
                               )
          Respondent.          )
```

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion for Relief from Judgment or Order (Docket Entry 15 (the "First Rule 60(b) Motion"); see also Docket Entry 16 (supporting brief)) and Motion for Relief from Judgment or Order (Docket Entry 17 (the "Second Rule 60(b) Motion"); see also Docket Entry 18 (supporting brief)). Because of their untimeliness, the Court should deny the First Rule 60(b) Motion and the Second Rule 60(b) Motion.

INTRODUCTION

Petitioner instituted this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docket Entry 1 (the "Petition").) The Petition, which Petitioner declared he "place[d] . . . in the prison mail system . . . on or about November 17, 2017" (id., Decl. ¶), raised these claims: (1) "I'm a pretrial detainee, without conviction or official Post Release Supervision violation, who has been denied the Right to Due Process of the Law"

(id., ¶ 13(Ground One)); (2) "I have the Right to be Free From Punishment as a detainee" (id., ¶ 13(Ground Two)); (3) "I was Denied the Right of Access to Effective Assistance of Counsel" (id., ¶ 13(Ground Three)); and (4) "Post Release Supervision and Parole Commission did not meet the standard N.C.G.S. Law to give me the opportunity to a Preliminary Hearing within 7 working days of arrest" (id., ¶ 13(Ground Four)).  At the initial screening stage, in a Recommendation filed on November 30, 2017, the undersigned Magistrate Judge concluded that "most of Petitioner's claims clearly ha[d] no merit, with the only exception being the possibility that he could state a claim if he c[ould] establish that he [wa]s being punished in some way through his housing." (Docket Entry 2 at 3.)  "[The Petition] also request[ed] no appropriate form of relief."  (Id.; see also id. ("Petitioner asks that the Court order the termination of his postrelease supervision, the dismissal of all pending charges, and his release from custody. . . .  Petitioner sets out no claims calling the proceedings against him into question or justifying the intervention by this Court in those proceedings.  The only potentially viable claim he raises involves the location of his custody, not the fact of his detention.  Neither the dismissal of any charges nor Petitioner's release from custody is an appropriate remedy for any potential claim he might raise based on the facts alleged in the Petition.").)

-2-

Case 1:17-cv-01067-LCB-LPA   Document 19   Filed 10/03/22   Page 2 of 8

"Given the serious problems with [the Petition], the undersigned [Magistrate Judge] recommend[ed] dismissal of this action without prejudice to Petitioner filing a new petition setting out proper claims and requesting a proper form of relief." (Id.)  On January 11, 2018, the Court (per United States District Judge Loretta C. Biggs) entered a Judgment, which "adopt[ed] th[at] Recommendation" (Docket Entry 5 at 1) and "ordered and adjudged that the action be . . . dismissed sua sponte without prejudice to Petitioner filing a new Petition which corrects the defects of the current Petition" (id. (all-caps font and italics omitted)). Petitioner did not appeal that Judgment.  (See Docket Entries dated Jan. 11, 2018, to present.)[1]

---

[1] "On December 11, 2017, the [North Carolina Post Release Supervision and Parole Commission (the "PRSPC")] entered an order . . . provid[ing] . . . 'that Petitioner ha[d] completed service of his maximum term . . . and therefore order[ing] he be released from custody effective immediately.'" Watson v. Daniels, No. 1:18CV451, 2018 WL 6728041, at *2 (M.D.N.C. Dec. 21, 2018) (emphasis and internal brackets omitted), withdrawn as recommendation and incorporated into final order upon parties' consent to proceed before magistrate judge, slip op. (M.D.N.C. Jan. 31, 2019); see also id. at *1 (documenting Petitioner's (A) 2005 convictions, (B) resulting imprisonment, (C) release on post release supervision, (D) arrest, "[o]n January 3, 2017, . . . on a warrant for post-release violations based on new, pending felony charges," and (E) "appear[ance] before the PRSPC on January 13, 2017, [when he] signed a waiver . . . '[of his] right to a Preliminary Hearing and [Final] Hearing until pending North Carolina criminal charges have been disposed of by the courts'" (internal brackets and emphasis omitted)).  By its express terms, "[t]h[at PRSPC] order d[id] not resolve Petitioner of any other legal obligations such as [his] pending charges in Guilford County . . . ." Id. "On March 1, 2018, a jury convicted Petitioner of [those charges] . . . . Petitioner subsequently filed [another habeas p]etition on May 18,
(continued...)

Over four years later, Petitioner filed the First Rule 60(b) Motion, which he dated as signed on "May 22, 2022." (Docket Entry 15 at 1.) Three months later still, Petitioner filed the Second Rule 60(b) Motion, which he dated as signed on "August 25, 2022." (Docket Entry 17 at 4.) Both cited as their basis "Fed. R. Civ. P. Rule [sic] 60(b)." (Docket Entry 15 at 1; Docket Entry 17 at 1.)

More specifically, the First Rule 60(b) Motion asserts that the "Judgment was obtained by a <u>misrepresentation</u> of Petitioner's claims, by the Court, which is <u>fraud</u> and contributed to a falsified record and proceeding." (Docket Entry 15 at 1 (emphasis added); <u>see also</u> Docket Entry 16 at 4 ("[T]he Court has failed to discharge their [sic] duties in properly addressing the claims and complaint in its full content and context. . . . The R[ecommendation] has served to subtley [sic] change the civil pleading and <u>fraudulently</u>

---

<sup>1</sup>(...continued)
2018 . . . ." <u>Id.</u> at *2-3. "Th[at p]etition's sole ground for relief contend[ed] that Petitioner's [post release supervision] was revoked and he was returned to prison without a revocation hearing and without any determination of wrongdoing." <u>Id.</u> (internal brackets and quotation marks omitted). "Th[at p]etition fail[ed] on grounds of mootness or for want of merit." <u>Id.</u> at *5. "Petitioner subsequently filed [yet another p]etition in this Court on February 25, 2019, . . . [this time] challenging his 2018 convictions. . . . Th[at p]etition raise[d as among its] grounds for relief . . . [that] Petitioner was denied due process as a pretrial detainee . . . [when he] was sent to prison prior to any adjudication of guilt . . . ." <u>Watson v. Daniels</u>, No. 1:19CV249, 2019 WL 7863092, at *3-4 (M.D.N.C. Dec. 3, 2019) (unpublished) (internal brackets and quotation marks omitted), <u>recommendation adopted</u>, 2020 WL 586684 (M.D.N.C. Feb. 6, 2020) (unpublished), <u>appeal dismissed</u>, 852 F. App'x 109 (4th Cir. 2021), <u>cert. denied</u>, ___ U.S. ___, 142 S. Ct. 722 (2021). The Court (per Judge Biggs) also dismissed that action. <u>See</u> <u>Watson</u>, 2020 WL 586684, at *3.

-4-

suppress the claims. The R[ecommendation] <u>misrepresented</u> a thorough factually based pleading which has falsified the record and proceeding in violation of Title 18 . . . ." (emphasis added)).) The Second Rule 60(b) Motion likewise "requests the Court to reopen this case, in granting relief from the [J]udgment, because of a <u>fraud</u> perpetrated against Petitioner [] and a <u>fraud</u> on the Court, by Public Officers of the Court, Judge [] Biggs and [the undersigned] Magistrate Judge []." (Docket Entry 17 at 1 (emphasis added); <u>see also id.</u> ("Judge Biggs and the [undersigned] Magistrate Judge [] have committed criminal violations . . . in altering unlawfully the original pleading of the complaint and <u>fraudulently</u> concealing and suppressing those claims so that Petitioner [] was not allowed to fully present his case and was <u>defrauded</u> of relief . . . ." (emphasis added)); Docket Entry 18 at 6 ("The R[ecommendation] has deceptively altered the original pleading . . . . This alteration has served to <u>fraudulently</u> suppress and conceal the substance of the original pleading . . ., leaving the substantive elements of the claims unaddressed and the record and proceeding falsified, in violation of Title 18 . . . ." (emphasis added)), 8 ("The Court has <u>defrauded</u> Petitioner [] of the Civil Rights afforded in this [habeas] process. The failure and also the subtle changes in the pleading is a badge of <u>fraud</u>, showing the Court's intention to <u>defraud</u> Petitioner [] of relief from a false imprisonment." (emphasis added)).)

DISCUSSION

"Federal Rule of Civil Procedure 60(b) permits a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." Kemp v. United States, U.S.   ,   , 142 S. Ct. 1856, 1861 (2022) (internal quotation marks omitted). Those circumstances consist of the following:

>   (1) <u>mistake</u>, inadvertence, surprise, or excusable neglect;
>
>   (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under [Federal] Rule [of Civil Procedure] 59(b);
>
>   (3) <u>fraud</u> (whether previously called intrinsic or extrinsic), <u>misrepresentation</u>, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) ("Rule 60(b)") (emphasis added); see also Kemp,   U.S. at   , 142 S. Ct. at 1861 ("Rule 60(b)(6) provides a catchall for 'any other reason that justifies relief.' This last option is available only when Rules 60(b)(1) through (b)(5) are inapplicable."), 1862 ("explain[ing that] Rule 60(b)(1) covers all mistakes of law made by a judge").

"[Federal] Rule [of Civil Procedure] 60(c) imposes deadlines on Rule 60(b) motions. All must be filed 'within a reasonable

-6-

time.'  But for some, including motions under Rule (60(b)(1)[ and (3)], that 'reasonable time' may not exceed one year." Id. at 1861 (internal citation omitted) (quoting Federal Rule of Civil Procedure 60(c)(1)); see also Fed. R. Civ. P. 60(c)(1) ("Rule 60(c)(1)") ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").  "[T]he movant bears the burden of showing timeliness." Moses v. Joyner, 815 F.3d 163, 166 (4th Cir. 2016).

Here (as detailed in the Introduction), the First Rule 60(b) Motion and the Second Rule 60(b) Motion both appear to rely on the "fraud" and "misrepresentation" language in Rule 60(b)(3).  Rule 60(c)(1), in turn, mandates that motions brought under Rule 60(b)(3) – or Rule 60(b)(1) (to the extent Petitioner has alleged the Judgment constituted a "mistake") – "must be made . . . <u>no more than a year after the entry of the judgment</u>," Fed. R. Civ. P. 60(c)(1) (emphasis added).  However (again, as shown in the Introduction), Petitioner did not file the First Rule 60(b) Motion and the Second Rule 60(b) Motion until <u>more than four years after entry of the Judgment</u>.  And, even if the one-year limitation in Rule 60(c)(1) did not apply, Petitioner's delay of four-plus years before raising an argument he could have raised upon the Judgment's entry could not satisfy Rule 60(c)(1)'s general requirement that "[a] motion under Rule 60(b) must be made within a reasonable

-7-

time," id.  See Moses, 815 F.3d at 166 (observing that, where litigant "waited" for "nearly two-and-a-half years" to file Rule 60(b) motion raising argument available during that period, "[s]uch a delay would be inordinate under any circumstances" and that "[w]aiting well over two years after [argument became available] . . . to bring that argument before the district court in [a] Rule 60(b) motion understandably struck that [district] court as excessively delayed under Rule 60(c)"), 167 (ruling that, if courts "accept as timely a motion filed two-and-a-half years after the [litigant] knew or should have known the basis for his [Rule] 60(b) claim, the 'reasonable time' limitation in Rule 60(c)(1) would quickly lose all meaning," and "declin[ing] to so erode the principle of finality essential to the operation of our criminal justice system" (internal ellipsis and quotation marks omitted)).

## CONCLUSION

Petitioner did not pursue relief under Rule 60(b) within the time prescribed by Rule 60(c)(1).

**IT IS THEREFORE RECOMMENDED** that the First Rule 60(b) Motion (Docket Entry 15) and the Second Rule 60(b) Motion (Docket Entry 17) be denied.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

October 3, 2022

-8-

Case 1:17-cv-01067-LCB-LPA   Document 19   Filed 10/03/22   Page 8 of 8